IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MILTON HERSHON | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. _____ |
| STATE FARM LLOYDS and FELICIANO GALLEGOS, | § § § | JURY DEMAND |
| Defendants. | § § § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, State Farm Lloyds ("State Farm" or "Defendant") files this Notice of Removal to the United States District Court for the Northern District of Texas, Fort Worth Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

1. On March 25, 2015, Plaintiff Milton Hershon filed his Original Petition in the matter styled *Milton Hershon v. State Farm Lloyds and Feliciano Gallegos*, Cause No. 352-277546-15, in the 352nd Judicial District Court of Tarrant County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to his home under a homeowner's insurance policy with State Farm Lloyds.

2. Plaintiff served State Farm with a copy of the Original Petition on or about March 27, 2015. Upon information and belief, Feliciano Gallegos has not been served.

3.   State Farm files this notice of removal within 30 days of receiving Plaintiff's pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action.

4.   All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

5.   As required by 28 U.S.C. § 1446(a) and Rule 81.1 of the Local Rules, simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an Index of State Court Documents, a copy of the Docket Sheet is attached as Exhibit "B," a copy of Plaintiff's Original Petition is attached as Exhibit "C," a copy of the Citation Certificate issued on State Farm Lloyds is attached as Exhibit "D," a print out of the service attempt from the Tarrant County Court Clerk's website for the citation issued on Feliciano Gallegos is attached as Exhibit "E," a copy of the Citation to State Farm Lloyds returned served is attached as Exhibit "F," and a copy of State Farm Lloyds' Original Answers is attached as Exhibit "G."

6.   Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Tarrant County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

7.   Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

**A.   The Proper Parties Are Of Diverse Citizenship**

8.   Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Pl's Original Pet., Exhibit C, Pg. 1.

9. Defendant State Farm is, and was at the time the lawsuit was filed, a citizen of the states of Illinois, Colorado and Pennsylvania. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this action was commenced were, and still are, citizens and residents of the states of Illinois, Colorado and Pennsylvania. Therefore, State Farm is a citizen and resident of the states of Illinois, Colorado and Pennsylvania for diversity purposes. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyd's Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) (finding that State Farm Lloyds is an unincorporated association whose members are completely diverse with Plaintiff, and denying remand).

10. Upon information and belief, Defendant Feliciano Gallegos ("Gallegos") is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Gallegos, it is State Farm's position that Gallegos has been fraudulently joined in this action. Therefore, the Texas citizenship of Gallegos should be disregarded for the purposes of evaluating diversity in this matter.

11. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied*, 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

12.     Here, Plaintiff asserts generic claims against Gallegos for violations of the Texas Insurance Code, as well as breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act, fraud, conspiracy, aiding and abetting, negligence and negligent misrepresentation. (Pl's Orig. Pet. § VI, Exhibit C).  Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Gallegos because no real facts relating to her have been set forth.  Plaintiff's claims against Gallegos consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009).  As such, Plaintiff cannot "establish a cause of action against [Gallegos] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.).  Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Gallegos, her presence should be disregarded in determining diversity jurisdiction.

13.     Gallegos's fraudulent joinder is further evidenced by the fact that Plaintiff, upon information and belief, has failed to serve Gallegos. Courts have used lack of service as a key factor in determining that the Plaintiff did not intend to actively pursue claims against the non-diverse Defendant; and therefore, the non-diverse defendant was fraudulently joined. *See Centro Cristiano Cosecha Final v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335 at * 14 (S.D. Tex.).

14. Because Plaintiff is a citizen of Texas and Defendant State Farm is a citizen of Illinois, Colorado and Pennsylvania, complete diversity of citizenship exists among the proper parties.

**B. The Amount in Controversy Exceeds $75,000.00**

15. This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Petition expressly alleges that "Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00[.]" *See* Exhibit C, § VIII. Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.00.

### Conclusion and Prayer

All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendant State Farm Lloyds hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Rhonda J. Thompson*
Rhonda J. Thompson
State Bar No.: 24029862
Adrienne B. Hamil
State Bar No. 24069867
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: rthompson@thompsoncoe.com
Email: ahamil@thompsoncoe.com
**COUNSEL FOR DEFENDANT STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2015 a true and correct copy of the foregoing has been forwarded to counsel of record in accordance with the applicable Rules of Civil Procedure:

**Via Facsimile and Certified Mail, RRR:**
Jason B. Speights
Todd A. Worrich
Cody Robinson
Jacey L. Hornecker
Speights & Worrich
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
Phone: 210.495.6789
Fax: 210.495.6790
Email: jason@speightsfirm.com
todd@speightsfirm.com
cody@speightsfirm.com
jacey@speightsfirm.com
*Counsel for Plaintiff*

/s/ Adrienne B. Hamil
Rhonda J. Thompson
Adrienne B. Hamil