IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 27 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| CECILIA GONZALEZ, ET AL., | § | |
| Plaintiffs, | § § § | |
| VS. | § | NO. 4:15-CV-305-A |
| STATE FARM LLOYDS, ET AL., | § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| ISMAEL ARRIAGA, | § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:15-CV-308-A |
| STATE FARM LLOYDS, ET AL., | § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| MILTON HERSHON, | § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:15-CV-312-A |
| STATE FARM LLOYDS, ET AL., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

This is a combined memorandum opinion and order that resolves issues that are common to the above-captioned actions.

A.  The Backgrounds of the Three Actions

    1.  The 4:15-CV-305-A Action

Case No. 4:15-CV-305-A was initiated by plaintiffs, Cecilia Gonzalez and Francisco Gonzales (the "Gonzalezes"), by the filing of their petition in the District Court of Tarrant County, Texas, 96th Judicial District, on March 19, 2015, naming as defendants State Farm Lloyds ("State Farm") and David Rodriguez ("Rodriguez"). The Gonzalezes alleged in their petition that State Farm provided insurance coverage on their property in Tarrant County, Texas, when the property was damaged by a hail and wind storm occurring on September 10, 2013; that State Farm failed to pay the Gonzalezes the benefits to which they said they were entitled under the policy by reason of the damage to their property; and, that Rodriguez was a claims adjuster who was assigned by State Farm to adjust the Gonzalezes' property damage claim. The Gonzalezes alleged various theories of recovery against State Farm and Rodriguez.

On April 22, 2015, State Farm and Rodriguez removed the action to this court based on diversity of citizenship. The notice of removal contained allegations establishing complete diversity of citizenship and the requisite amount in controversy as to the Gonzalezes' claims against State Farm. State Farm acknowledged in the notice of removal that the Gonzalezes and

Rodriguez are citizens of the State of Texas, with the result that complete diversity of citizenship would not exist if Rodriguez was properly joined as a defendant. State Farm pleaded that Rodriguez was improperly joined and/or fraudulently joined as a defendant, with the consequence that his state of citizenship should be disregarded in determining whether complete diversity exists.

The Gonzalezes have not filed a motion to remand to state court, but that does not relieve this court of the obligation to determine whether it has subject matter jurisdiction. It does not have subject matter jurisdiction if Rodriguez was properly joined, but does have subject matter jurisdiction if he was improperly or fraudulently joined.

    2.   <u>The 4:15-CV-308-A Action</u>

Case No. 4:15-CV-308-A was initiated by plaintiff, Ismael Arriaga ("Arriaga"), by the filing of his petition in the District Court of Tarrant County, Texas, 141st Judicial District, on June 2, 2014, naming as defendants State Farm Lloyds ("State Farm") and Aaron Galvan ("Galvan"). Arriaga alleged in his petition that State Farm provided insurance coverage on his property in Tarrant County, Texas, when the property was damaged by a hail and wind storm occurring on May 12, 2014; that State Farm failed to pay Arriaga the benefits to which he said he was

entitled under the policy by reason of the damage to his property; and, that Galvan was a claims adjuster who was assigned by State Farm to adjust Arriaga's property damage claim. Arriaga alleged various theories of recovery against State Farm and Galvan.

On April 22, 2015, State Farm removed the action to this court based on diversity of citizenship. The notice of removal contained allegations establishing complete diversity of citizenship and the requisite amount in controversy as to Arriaga's claims against State Farm. State Farm acknowledged in the notice of removal that Arriaga and Galvan are citizens of the State of Texas, with the result that complete diversity of citizenship would not exist if Galvan was properly joined as a defendant. State Farm pleaded that Galvan was improperly joined and/or fraudulently joined as a defendant, with the consequence that his state of citizenship should be disregarded in determining whether complete diversity exists.

Arriaga has not filed a motion to remand to state court, but that does not relieve this court of the obligation to determine whether it has subject matter jurisdiction. It does not have subject matter jurisdiction if Galvan was properly joined, but does have subject matter jurisdiction if he was improperly or fraudulently joined.

3.  <u>The 4:15-CV-312-A Action</u>

Case No. 4:15-CV-312-A was initiated by plaintiff, Milton Hershon ("Hershon"), by the filing of his petition in the District Court of Tarrant County, Texas, 352nd Judicial District, on March 25, 2015, naming as defendants State Farm Lloyds ("State Farm") and Feliciano Gallegos ("Gallegos"). Hershon alleged in his petition that State Farm provided insurance coverage on his property in Tarrant County, Texas, when the property was damaged by a hail and wind storm occurring on October 26, 2013; that State Farm failed to pay Hershon the benefits to which he said he was entitled under the policy by reason of the damage to his property; and, that Gallegos was a claims adjuster who was assigned by State Farm to adjust Hershon's property damage claim. Hershon alleged various theories of recovery against State Farm and Gallegos.

On April 24, 2015, State Farm removed the action to this court based on diversity of citizenship. The notice of removal contained allegations establishing complete diversity of citizenship and the requisite amount in controversy as to Hershon's claims against State Farm. State Farm acknowledged in the notice of removal that Hershon and Gallegos are citizens of the State of Texas, with the result that complete diversity of citizenship would not exist if Gallegos was properly joined as a

defendant. State Farm pleaded that Gallegos was improperly joined and/or fraudulently joined as a defendant, with the consequence that his state of citizenship should be disregarded in determining whether complete diversity exists.

Hershon has not filed a motion to remand to state court, but that does not relieve this court of the obligation to determine whether it has subject matter jurisdiction. It does not have subject matter jurisdiction if Gallegos was properly joined, but does have subject matter jurisdiction if he was improperly or fraudulently joined.

B. <u>Analysis</u>

The joinder of a local claims adjuster in a state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has become a popular tactic. <u>See</u>, <u>e.g.</u>, <u>Plascencia v. State Farm Lloyds</u>, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *1 (N.D. Tex. Sept. 25, 2014); <u>Davis v. Metropolitan Lloyds Ins. Co. of Tex.</u>, No. 4:14-CV-957-A, 2015 WL 456726, at *1 (N.D. Tex. Feb. 3, 2015); <u>SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am.</u>, No. 4:15-CV-213-A, 2015 WL 2234912, at *1 (N.D. Tex. May 12, 2015); <u>Vann v. Allstate Texas Lloyds</u>, No. 4:15-CV-277-A, 2015 WL 2250243 at *1 (N.D. Tex. May 12, 2015); <u>Cano v. Allstate Texas Lloyds</u>, No. 4:15-CV-096-A, 2015 U.S. Dist. LEXIS 63477, at *1 (N.D. Tex. May 14, 2015).

After a study of state court pleadings of the plaintiff(s) in each of the above-captioned actions, and a review of the applicable legal authorities, the court has concluded, for essentially the same reasons given in Plascencia, Davis, SYP-Empire, L.C., Vann, and Cano why the claims adjusters were improperly joined in those cases, that the claims adjuster was named as a defendant in each of the above-captioned actions for the purpose of attempting to defeat federal court jurisdiction. The court has concluded that none of the claims asserted against the adjuster in any of the above-captioned actions would survive a motion to dismiss for failure to state a claim upon which relief may be granted, with the consequence that his citizenship should be disregarded in determining whether diversity jurisdiction exists. And, the court has concluded, for the same reason, that the claims against each of the claims adjusters should be dismissed.

C.  Orders

Therefore,

The court ORDERS that all claims and causes of action asserted by the Gonzalezes against Rodriguez in Case No. 4:15-CV-305-A be, and are hereby, dismissed.

The court further ORDERS that all claims and causes of action asserted by Arriaga against Galvan in Case No. 4:15-CV-308-A be, and are hereby, dismissed.

The court further ORDERS that all claims and causes of action asserted by Hershon against Gallegos in Case No. 4:15-CV-312-A be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to each of such dismissals.

This memorandum opinion and order is to be docketed by the clerk in each of the above-captioned actions.

SIGNED May 27, 2015.

_____
JOHN McBRYDE
United States District Judge