

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| MILTON HERSHON<br>Plaintiff, | §<br>§<br>§<br>§ |
| V. | §   CIVIL ACTION NO. 4:15-CV-00312-A<br>§ |
| STATE FARM LLOYDS<br>Defendant. | §<br>§<br>§ |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE McBRYDE:

NOW Comes Milton Hershon, hereinafter referred to as "Plaintiff," complaining of State Farm Lloyds and hereby respectfully shows unto the Court and Jury as follows:

### I. THE PARTIES

Plaintiff, Milton Hershon, is an individual and resident of Texas.

Defendant, State Farm Lloyds (hereinafter referred to as "Defendant" or "State Farm"), is on information and belief, a Texas domestic Lloyd's plan insurance company licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. Additionally, one or more of State Farm's "members" are citizens of Texas. State Farm has already made an appearance herein.

### II. JURISDICTION AND VENUE

Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy exceeds $75,000.

Venue is appropriate under 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas.

### III. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### IV. FACTS

A.     Plaintiff is the owner of insurance Policy Number 58B2F3337 issued by Defendant State Farm (hereinafter referred to as the "Policy").

B.     Plaintiff owned the insured property, which is specifically located at 417 Charleston Ct., Hurst, Texas 76054-3517 on October 26, 2013 (hereinafter referred to as the "Property").

C.     Defendant State Farm or its agent sold the Policy, insuring the Property, to Plaintiff.

D.     On or about October 26, 2013, a severe wind and hailstorm struck Hurst, Texas causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.     Plaintiff submitted a claim to State Farm against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm. Plaintiff asked that State Farm cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.     Defendant assigned claim number 43-420R-671 to Plaintiff's claim.

G.     State Farm assigned adjuster Feliciano Gallegos ("Gallegos") to investigate Plaintiff's claim. Gallegos acted as State Farm's agent in handling Plaintiff's claim.

H.     Gallegos inspected Plaintiff's Property on March 14, 2014. After inspecting the Property, he drafted an estimate of the scope of damage.[1] In a letter to Plaintiff dated March 17, 2014, Gallegos stated he found hail damage to the stone coated steel shingle roof during his investigation, but that the damage amounts to cosmetic damage excluded under the exclusion of cosmetic loss endorsement to Plaintiff's Policy.[2] In the estimate enclosed with the letter, Gallegos misrepresented that the only damage to Plaintiff's Property was to the shed roof,

---

[1] *See* Gallegos's estimate of the scope of damage, attached as Exhibit A.
[2] *See* letter from Gallegos dated March 17, 2014, attached as Exhibit B.

fascia of the carport, and gutters.[3] Relying upon Gallegos's Final Report, State Farm determined that the damages caused by the wind and hailstorm were only $1,453.76 and below Plaintiff's $3,100.00 deductible.[4]

I.      Two months after receiving Gallegos's letter and estimate, Plaintiff received a letter from State Farm on May 23, 2014 stating an underwriting inspection of Plaintiff's Property revealed that repairs needed to be made and failure to make the repairs would result in nonrenewal of the insurance policy.[5] Specifically, State Farm recommended the following: (1) repair the front slope to prevent potential water leaks or wind damage; (2) repair or replace the hail damaged gutters; and (3) repair the roof on the shed and carport.[6]

J.      After receiving the May 23rd letter, Plaintiff's son-in-law, Phil Clark, contacted Plaintiff's State Farm agent, Pam Zeller, by email on May 28, 2014, seeking clarification of State Farm's claim determination regarding the hail damage to the dwelling roof.[7] Ms. Zeller informed Mr. Clark that Plaintiff would be receiving payment on the claim and provided Mr. Clark with a different estimate prepared by Gallegos from the estimate received by Plaintiff.[8] The new estimate stated the damages caused by the wind and hailstorm were $4,632.28 and included for repair of 601.45 square feet of the carport metal roof.[9] A letter attached to the estimate stated Plaintiff would receive payment in the amount of $614.67 in satisfaction of Plaintiff's claim.[10]

K.      Mr. Clark informed Ms. Zeller that the information she provided was different from the estimate Plaintiff received in the mail.[11] Mr. Clark also asked about State Farm's assertion that there was damage to the front slope of Plaintiff's Property as Plaintiff did not understand the

---

[3] *See* Exhibit A.
[4] *See id.*
[5] *See* letter from State Farm dated May 23, 2014, attached as Exhibit C.
[6] *See id.*
[7] *See* email correspondence, attached as Exhibit D.
[8] *See id.*
[9] *See* original estimate of repairs, attached as Exhibit E.
[10] *See id.*
[11] *See* Exhibit D.

meaning of "front slope."[12] On May 29, 2014, Ms. Zeller replied that the estimate she provided was the original estimate that included the cosmetic damage and that the second revised estimate received by Plaintiff is the final estimate and Plaintiff will not be receiving payment.[13] However, the only damages removed from the original estimate were for replacement of the metal roof on the carport. Then, on May 30, 2014, Ms. Zeller wrote that she spoke with Mr. Gallegos and there was "some damage that will need to be repaired to the front slope of the house."[14] No explanation was given as to why Plaintiff was being required to repair damage Gallegos determined to be cosmetic, or why the damages to the metal carport roof were removed from the estimate.

L.     Because State Farm requested that Plaintiff repair damage out-of-pocket that State Farm determined to be "cosmetic," and believing State Farm wrongfully underpaid Plaintiff's claim, Plaintiff was forced to hire a public adjuster, National Claims Negotiators ("NCN"), to assist him with his claim. Ray Biggs ("Biggs") inspected the property for NCN on or about December 18, 2014 and found, beyond the damage already included in Gallegos's revised estimate, extensive hail damage to the stone coated steel shingle roof, the metal carport roof and damage to three window screens.[15] Biggs estimated that the total cost to repair Plaintiff's wind and hailstorm damages exceeded $83,000.00.[16] This amount included replacement of the entire roof.

M.     By letter on November 4, 2014, State Farm acknowledged NCN's involvement to assist Plaintiff with his claim.[17] However, no additional payments on the claim were made by State Farm. In accordance with the Texas Deceptive Trade Practices Act and the Texas Insurance

---

[12] See id.
[13] Id.
[14] Id.
[15] See The public adjuster's estimate, attached as Exhibit F.
[16] See id.
[17] See letter from State Farm dated November 4, 2014, attached as Exhibit G.

code, a demand letter was sent to State Farm on February 24, 2015.[18] Plaintiff then received a letter from State Farm on March 16, 2015 informing him that State Farm would not be renewing his Policy due to his failure to make the repairs and that, "A letter was send on May 23, 2014 indicating the items needing attention."[19] One of the items listed within the May 23, 2014 letter was the "cosmetic" damage to the front slope of Plaintiff's roof.[20]

N.    Without limitation, Gallegos, acting on behalf of State Farm, misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[21] Gallegos made these and other misrepresentations to Plaintiff as well as to Defendant, State Farm. Plaintiff and State Farm both relied on their misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to his property, which in turn has caused additional and further water damage to Plaintiff's property. Gallegos also advised Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property. This advice was negligent and false because it turns out Plaintiff could not properly repair his Property and prevent future damage by following Gallego's advice. Plaintiff's Property has sustained further damages as a result.

O.    Defendant State Farm failed to properly adjust the claim and Defendant has underpaid the wind and hailstorm claim without ever performing an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

---

[18] *See* demand letter with fax confirmation sheet dated February 24, 2015, attached as Exhibit H.
[19] *See* letter from State Farm dated March 16, 2014, attached as Exhibit I.
[20] *See id.*
[21] *See* Exhibit A (misrepresenting the damages attributable to the wind and hailstorm were only $1,453.76).

P.      Plaintiff's claim still remains underpaid and the Plaintiff still has not been able to properly repair the Property.

Q.      These false representations allowed Defendant State Farm, to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

R.      Defendant State Farm failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant State Farm failed and refused to pay adequate proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant State Farm's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

S.      Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

T.      Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

U.      Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of

the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

V.   Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

W.   Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

X.   Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

Y.   Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for his claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

Z.   From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However,

Defendant has refused to pay Plaintiff, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

AA.    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

BB.    Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## V. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendant did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for his claim. As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiff any additional monies on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

**C. DTPA Cause of Action**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its misrepresentations regarding coverage under Plaintiff's Policy; (2) its unreasonable delays in the investigation, adjustment and resolution

of Plaintiff's claim, (3) its failure to give Plaintiff the benefit of the doubt, and (4) its failure to pay for the repair of Plaintiff's home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiff that his insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA. Namely, Defendant represented that Plaintiff's Policy covered damage caused by a wind and hailstorm; yet Defendant's agent, Gallegos, never properly inspected Plaintiff's property to determine the amount to repair the wind and hailstorm damages.

As described in this petition, Defendant represented to Plaintiff that his insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA. Namely, Defendant represented that it would adjust his claim fairly and in good faith; yet, Defendant's agent, Gallegos did not even bother to inspect the interior of the Property even though interior damage was probable due to the extensive wind and hailstorm damage to the roof.

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendant represented to Plaintiff that his insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the

information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendant has breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendant's actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## D. Cause of Action for Unfair Insurance Practices

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of

Plaintiff's claim and Defendant's failure to pay for the repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

A.   Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case.

B.   Engaging in unfair claims settlement practices;

C.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.   Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.   Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

More specifically:   (1) Defendant and its agent underpaid Plaintiff's claim for wind and hailstorm damage; (2) Defendant misrepresented to Plaintiff that it conducted a complete and reasonable investigation of his claim, yet Gallegos failed to find obvious interior water damage and exterior damage to Plaintiff's Property due to the wind and hailstorm; (3) After additional covered damages were found at Plaintiff's Property, Defendant did not have an adjuster return to Plaintiff's Property to properly scope the extent of damage and create an estimate of repairs.

Defendant also breached the Texas Insurance Code when Defendant breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By Defendant's acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay adequate damages on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this underpayment. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## VI. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant have caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of his claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. In an

effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.  Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## VIII. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## IX. EXEMPLARY DAMAGES

Defendant's above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas

Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI. JURY DEMAND

Plaintiff asserts his right to a trial by jury.

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

By: _____
JACEY L. HORNECKER
Texas State Bar No. 24085383
jacey@speightsfirm.com

**SPEIGHTS AND WORRICH**
3838 Oak Lawn Avenue, Suite 1000
Dallas, Texas 75219
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2015, a true and correct copy of the above and foregoing was served to all counsel of record in accordance with the Federal Rules of Civil Procedure:

*Via Facsimile*
Rhonda J. Thompson
Adrienne B. Hamil
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201

JACEY L. HORNECKER

HERSHON, MILTON



**State Farm**
**P.O. Box 2323**
**Bloomington, IL 61702-2323**
**Fax: 1-877-732-6556**

# Structural Damage Claim Policy

When you have a covered structural damage claim to your real property, you should know:

- We want you to receive quality repair work to restore the damages to your property.

- We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

- Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

- There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

- If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning repairs.

- State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

- State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.



EXHIBIT
A

Date:   11/4/2014 2:18 PM

132214.1  06-18-2009     Page: 1

**State Farm**

HERSHON, MILTON

43-420R-671

|  |  |  |  |
|---|---|---|---|
| Insured: | HERSHON, MILTON | Estimate: | 43-420R-671 |
| Property: | 417 Charleston CT | Claim Number: | 43420R671 |
|  | Hurst, TX 76054-3517 | Policy Number: | 58B2F3337 |
| Home: | 817-282-4050 | Price List: | TXDF28_MAR14 |
| Business: | 817-282-4050 |  | Restoration/Service/Remodel |
| Type of Loss: | Hail |  |  |
| Deductible: | $3,110.00 |  |  |
| Date of Loss: | 10/26/2013 |  |  |
| Date Inspected: | 3/14/2014 |  |  |

## Summary for Coverage A - Dwelling - 35 Windstorm and Hail - HL

| | |
|---|---|
| Line Item Total | 1,413.48 |
| Material Sales Tax | 40.28 |
| Replacement Cost Value | 1,453.76 |
| Less Deductible | (3,110.00) |
| Replacement Cost Value Total | (1,656.24) |
| Net Payment | $0.00 |

Felix Gallegos
866-787-8676 x 11604

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND
LIMITS OF YOUR POLICY.**

Date:   11/4/2014 2:18 PM

Page: 2

**State Farm**

HERSHON, MILTON                                                                 43-420R-671

417 charleston ct, 76054

Source - Eagle View



**shed 3 tab**

251.68 Surface Area                     2.52 Number of Squares
63.62 Total Perimeter Length           17.05 Total Ridge Length

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| Remove Tear off, haul and dispose of comp. shingles - 3 tab | 2.52 SQ | 37.20 | 0.00 | 93.74 |
| 3 tab - 20 yr. - composition shingle roofing - incl. felt | 3.00 SQ | 144.49 | 17.73 | 451.20 |
| Drip edge | 30.00 LF | 1.46 | 1.49 | 45.29 |
| Totals:  shed 3 tab | | | 19.22 | 590.23 |



**carport**

601.45 Surface Area                     6.01 Number of Squares
79.94 Total Perimeter Length

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| R&R Fascia - metal - 8" | 30.00 LF | 4.05 | 3.61 | 125.11 |
| Totals:  carport | | | 3.61 | 125.11 |

Area Totals:  Source - Eagle View
    3,324.68  Exterior Wall Area
    5,174.39  Surface Area                51.74  Number of Squares        1,180.41  Total Perimeter Length
    179.19  Total Ridge Length           103.99  Total Hip Length

| Total: Source - Eagle View | | | 22.83 | 715.34 |

Area Totals:  417 charleston ct, 76054

Date:   11/4/2014 2:18 PM

## State Farm

HERSHON, MILTON

43-420R-671

3,324.68 Exterior Wall Area
5,174.39 Surface Area          51.74 Number of Squares     1,180.41 Total Perimeter Length
179.19 Total Ridge Length    103.99 Total Hip Length

**Total: 417 charleston ct, 76054**

22.83        715.34

### Exterior

0.00 SF Walls          0.00 SF Ceiling          0.00 SF Walls & Ceiling
0.00 SF Floor          0.00 SF Short Wall       0.00 LF Floor Perimeter
0.00 SF Long Wall                               0.00 LF Ceil. Perimeter

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| Gutters..................... | | | | |
| R&R Gutter / downspout - aluminum - up to 5" | 109.00 LF | 4.58 | 17.45 | 516.67 |
| Haul debris - per pickup truck load - including dump fees | 1.00 EA | 101.82 | 0.00 | 101.82 |
| **Totals: Exterior** | | | **17.45** | **618.49** |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| Siding labor minimum | 1.00 EA | 119.93 | 0.00 | 119.93 |
| **Totals: Labor Minimums Applied** | | | **0.00** | **119.93** |

**Line Item Totals: 43-420R-671**

40.28      1,453.76

## Grand Total Areas:

3,324.68 Exterior Wall Area

5,174.39 Surface Area          51.74 Number of Squares     1,180.41 Total Perimeter Length
179.19 Total Ridge Length    103.99 Total Hip Length

Date:   11/4/2014 2:18 PM

## Trade Summary

Includes all applicable Tax, General Contractor O&P, and Labor Minimums

| DESCRIPTION | LINE ITEM QTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **DMO     GENERAL DEMOLITION** | | | | | |
| Haul debris - per pickup truck load - including dump fees | 1.00 EA | $101.82 | $101.82 | $0.00 | $0.00 |
| **TOTAL GENERAL DEMOLITION** | | **$101.82** | **$101.82** | **$0.00** | **$0.00** |
| **RFG     ROOFING** | | | | | |
| 3 tab - 20 yr. - composition shingle roofing - incl. felt | 3.00 SQ | $451.20 | $451.20 | $0.00 | $0.00 |
| Remove Tear off, haul and dispose of comp. shingles - 3 tab | 2.52 SQ | $93.74 | $93.74 | $0.00 | $0.00 |
| Drip edge | 30.00 LF | $45.29 | $45.29 | $0.00 | $0.00 |
| **TOTAL ROOFING** | | **$590.23** | **$590.23** | **$0.00** | **$0.00** |
| **SDG     SDG** | | | | | |
| Siding labor minimum | 1.00 EA | $119.93 | $119.93 | $0.00 | $0.00 |
| **TOTAL SDG** | | **$119.93** | **$119.93** | **$0.00** | **$0.00** |
| **SFG     SOFFIT, FASCIA, & GUTTER** | | | | | |
| R&R Fascia - metal - 8" | 30.00 LF | $125.11 | $125.11 | $0.00 | $0.00 |
| R&R Gutter / downspout - aluminum - up to 5" | 109.00 LF | $516.67 | $516.67 | $0.00 | $0.00 |
| **TOTAL SOFFIT, FASCIA, & GUTTER** | | **$641.78** | **$641.78** | **$0.00** | **$0.00** |
| **TOTALS** | | **$1,453.76** | **$1,453.76** | **$0.00** | **$0.00** |

Note:  Slight variances may be found within report sections due to rounding

Date:    11/4/2014 2:18 PM

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **State Farm**®

March 17, 2014

Milton Hershon
417 Charleston CT
Hurst TX 76054-3517

State Farm Claims
P.O. Box 2323
Bloomington IL 61702-2323

RE:     Claim Number:     43-420R-671
        Date of Loss:     October 26, 2013
        Our Insured:      Milton Hershon
        Policy Number:    58B2F3337

Dear Mr. Hershon:

Thank you for the opportunity to discuss your claim on March 14, 2014.

As we discussed, your Homeowners Policy FP-7955 TX is endorsed with the following cosmetic exclusion for metal roofs:

EXCLUSION OF COSMETIC LOSS TO METAL ROOF COVERINGS CAUSED BY HAIL

The following is added to LOSSES NOT INSURED:

We do not insure for cosmetic loss to metal roof coverings caused by hail.

As used in this endorsement:

1. cosmetic loss means only that loss that alters the physical appearance of the metal roof covering but does not result in the penetration of water through the metal roof covering or does not result in the failure of the metal roof covering to perform its intended function of keeping out the elements over an extended period of time.

2. metal roof covering means the metal roofing material exposed to the weather, the underlayments applied for moisture protection, and all flashings required in the replacement of a metal roof covering.

We do cover loss by hail to metal roof coverings that will allow the penetration of water through the metal roof covering or that results in the failure of the metal roof covering to perform its intended function of keeping out the elements over an extended  period of time.

This endorsement is void unless signed by a named insured, with the exception that a signature is not required on this endorsement if we maintain on file a hard copy, microfilm copy, or electronic record copy form of this endorsement containing a named insured's signature.



EXHIBIT
B

43-420R-671
Page 2
March 17, 2014


Our investigation of your claim revealed hail damage to your stone coated steel shingle roof. This is cosmetic damage which is excluded under the EXCLUSION OF COSMETIC LOSS TO METAL ROOF COVERINGS CAUSED BY HAIL endorsement.

Because we value you as a policyholder and appreciate your business, we want to ensure you understand the coverage decision.

If you have questions or need assistance, please call us.

Sincerely,


Felix Gallegos
Claim Representative
(866) 787-8676 Ext. 11604

Fax: (877) 732-6556

State Farm Lloyds

Enclosure:     State Farm estimate

**≋ StateFarm®**

Dallas Operations Center
17301 Preston Road
P.O. Box 799100
Dallas, TX 75379-9100

May 23, 2014

*Check sent -*
*3/17/14*

HERSHON, MILTON
417 CHARLESTON CT
HURST TX  76054-3517

*4032 2⁸ Damage*

*6/4/67*        *3,102.02*
*902.61*

RE: Policy Number: 58-B2-F333-7     H  27

LOCATION: 417 Charleston Ct Hurst TX
**RENEWAL DATE: April 20, 2015**

Dear Mr. Hershon:        *Mike_hershon@hotmail.com*

Thank you for your confidence in State Farm®.  We appreciate your business
and we look forward to a continuing relationship of trust and security.

Affordable rates are a top priority at State Farm®.  The current rate
offered to you assumes your property is properly maintained and no
conditions on the premises impose an unreasonable risk to the public or
for potential damage to the structure.

As part of our ongoing underwriting process, we recently conducted an
inspection of your insured location and feel the following recommendations
need your attention:

   * To prevent potential leaks or wind damage, the front slope is
     in need of repair.

   * Repair or replace the hail damaged gutters in order to
     properly channel water away from the building.

   * The roof on the shed and carport needs to be repaired.

Your cooperation in correcting the above condition(s) by April 20, 2015
will allow us to continue providing your insurance needs.  It is important
that after the conditions have been corrected that you provide all repair
receipts to your agent.  If receipts are not available, contact your
agent, Shalyn Clark at (817) 788-1999 who will arrange a time to survey
your property and obtain photos to document completion of repairs.

The condition(s) do not necessarily include all potential sources of loss,
nor are we guaranteeing that if you comply with them your property will
necessarily be considered safe or healthful, or in compliance with any
law, rule or regulation. This is a courtesy extended to our policyholders
to allow them the opportunity to make repairs to their property and
maintain them in an insurable condition. If these corrections are not



EXHIBIT

**C**

HERSHON, MILTON
58-B2-F333-7
May 23, 2014
Page  2 of  2

completed and we are unable to renew your policy, proper notice will be provided as outlined under the **REFUSAL TO RENEW** conditions of the policy.

You are a valued policyholder, and we hope that by giving notice of the condition(s) you need to correct, we can continue to serve your insurance needs.

Sincerely,

Fire Operations
State Farm Lloyds

cc:  Shalyn Clark, 7872-FB36

Gmail - Adjuster's estimate on the damage for the claim that was turned in. Page 1 of 7



Phil Clark <pjdclark2@gmail.com>

## Adjuster's estimate on the damage for the claim that was turned in.
4 messages

**Pam Zeller** <pam.zeller.i9u3@statefarm.com>                Wed, May 28, 2014 at 1:17 PM
To: "pjdclark2@gmail.com" <pjdclark2@gmail.com>
Cc: Debbie L Wise <debbie.l.wise.i3qx@statefarm.com>, Pam Zeller <pam.zeller.i9u3@statefarm.com>

Phil,

The attachments are pages of the adjuster's estimate for the damage that he looked at on the claim that was turned in with the date of loss of 10/26/13. The adjuster's name is Felix Gallegos, his phone number is 1866 787 8676, extension 11604, the claim number is 43420R671. Felix will be able to go over the estimate with you, and explain everything, and also let you know the exact date the check was mailed out. Please let us know when the repairs are made, and we can get the receipts to send into Underwriting for you. Damage just needs to be completed before the April 20, 2015 renewal date. It is my pleasure to help if you need anything else please call me.


Thank you,

Pam Zeller
Claims Liaison  LSA5
Shalyn Clark Agency, State Farm Insurance
2000 Precinct Line Rd  Suite 100
Hurst, TX 76054
Office: 817-788-1999
Fax: 817-788-1777
pam@shalynclark.com

Follow us on Facebook!

Follow us on Twitter!

Click to refer your friends to me


Click here to leave us a review on our Google page!


---

**6 attachments**

**Image.jpg**
350K



EXHIBIT

D



**Image (6).jpg**
209K

---

**Pjdclark2** <pjdclark2@gmail.com>                                      Wed, May 28, 2014 at 9:12 PM
To: pam.zeller.i9u3@statefarm.com

Pam this is not the information we received in the mail. as a matter of fact is not even close. the letter that we received showed no money coming back to us in a claim of roughly 1600.00. This is time stamped after the letter that you sent to us. We WIll need to bring this letter into you so that you can explain the situation to us. In addition the letter that we got the other day stated something to do wIth the slope of the yard and there Is no Information In either letter prevIously that says anything about a slope or grade Issue. We need to make an appointment to come see you in person. Let us know the earLiest time you can meet.

Sent from my Samsung Galaxy Note™, an AT&T LTE smartphone
[Quoted text hidden]

---

**Pjdclark2** <pjdclark2@gmail.com>                                      Wed, May 28, 2014 at 9:12 PM
Reply-To: Pjdclark2 <pjdclark2@gmail.com>, Pjdclark2 <pjdclark2@gmail.com>, Pjdclark2
<pjdclark2@gmail.com>, Pjdclark2 <pjdclark2@gmail.com>, Pjdclark2 <pjdclark2@gmail.com>, Pjdclark2
<pjdclark2@gmail.com>
To: pam.zeller.i9u3@statefarm.com, pam.zeller.i9u3@statefarm.com, pam.zeller.i9u3@statefarm.com,
pam.zeller.i9u3@statefarm.com

[Quoted text hidden]

Pam this is not the information we received in the mail. as a matter of fact is not even close. the letter that we received showed no money coming back to us in a claim of roughly 1600.00. This is time stamped after the letter that you sent to us. We WIll need to bring this letter into you so that you can explain the situation to us. In addition the letter that we got the other day stated something to do wIth the slope of the yard and there Is no Information In either letter prevIously that says anything about a slope or grade Issue. We need to make an appointment to come see you in person. Let us know the earLiest time you can meet.

Sent from my Samsung Galaxy Note™, an AT&T LTE smartphone

-------- Original message --------
Subject: Adjuster's estimate on the damage for the claim that was turned in.
From: Pam Zeller <pam.zeller.i9u3@statefarm.com>
To: "pjdclark2@gmail.com" <pjdclark2@gmail.com>
CC: Adjuster's estimate on the damage for the claim that was turned in.

Phil,

The attachments are pages of the adjuster's estimate for the damage that he looked at on the claim that was turned in with the date of loss of 10/26/13. The adjuster's name is Felix Gallegos, his phone number is 1 866 787 8676, extension 11604, the claim number is 43420R671. Felix will be able to go over the estimate

Click here to leave us a review on our Google page!

---

Pam Zeller <pam.zeller.i9u3@statefarm.com>
To: Pjdclark2 <pjdclark2@gmail.com>
Cc: Pam Zeller <pam.zeller.i9u3@statefarm.com>

Thu, May 29, 2014 at 3:46 PM

Phil,

The new attachments above are for the revised estimate that the adjuster did on the damage on the claim, the first one I sent was his first one that included the cosmetic damage to the roof, and the adjuster then seen that the cosmetic damage is excluded from the policy on a metal roof, so he revised the estimate without the cosmetic damage to the roof. There was not a check that went out because the new estimate is under the deductible. The slope that they are talking about is the roof. I am sorry for the confusion but the estimate that we show on our side is the one I sent to you yesterday, we never got updated with the new one. I also found out that Felix is on vacation until Monday, but an adjuster named Bill Wood is helping with the claims his phone number is 254 265 0129. Please let me know if I can help with anything else.


*Thank you,*
*Pam Zeller*
*Claims Liaison  LSA5*
**Shalyn Clark Agency, State Farm Insurance**
*2000 Precinct Line Rd  Suite 100*
*Hurst, TX 76054*
*Office: 817-788-1999*
*Fax: 817-788-1777*
*pam@shalynclark.com*



Follow us on *Facebook!*



Follow us on *Twitter!*

From: Pam Zeller
Sent: Friday, May 30, 2014 12:57 PM
To: pjdclark2@gmail.com
Cc: Pam Zeller
Subject: Repairs

Phil,

I am working on seeing what they mean by the front slope, I have made some calls, and I think I am going
to have to wait on the adjuster Felix to get back on Monday to find out for sure.  Please know that I am
working on this and will get back with you just as soon as I know for sure what we need done.

Have a wonderful day!!!

Thank you,
Pam Zeller
Claims Liaison  LSA5
Shalyn Clark Agency, State Farm Insurance
2000 Precinct Line Rd  Suite 100
Hurst, TX 76054
Office: 817-788-1999
Fax: 817-788-1777
pam@shalynclark.com
<< OLE Object: Picture (Device Independent Bitmap) >>
Follow us on Facebook!
<< OLE Object: Picture (Device Independent Bitmap) >>
Follow us on Twitter!

<< OLE Object: Picture (Device Independent Bitmap) >> Click to refer your friends to me

Click here to leave us a review on our Google page!

---

**3 attachments**

 **Picture (Device Independent Bitmap) 1.jpg**
2K

 **Picture (Device Independent Bitmap) 2.jpg**
1K

 **Picture (Device Independent Bitmap) 3.jpg**
3K



**Phil Clark <pjdclark2@gmail.com>**

---

## Fwd: RE: Repairs
2 messages

---

**Pjdclark2** <pjdclark2@gmail.com>
To: pclark@ameriprofunding.com

Wed, Jun 4, 2014 at 7:40 PM

Sent from my Samsung Galaxy Note™, an AT&T LTE smartphone


-------- Original message --------
Subject: RE: Repairs
From: Pam Zeller <pam.zeller.i9u3@statefarm.com>
To: "pjdclark2@gmail.com" <pjdclark2@gmail.com>
CC: RE: Repairs

Phil,

I spoke with the adjuster Felix Gallegos, and he said there is some damage that will need to be repaired to the front slope of the house, I can have him call you, to explain what the damage is, or if you want to call him his number is 972 979 4283, and the claim number for your claim is 43420R671.  Please let me know if you want me to have him call you, and I will get with Felix, and get that taken care of.  The rest of the damage that needs to be repaired is what is on the 2nd (revised) estimate that I sent.  Once the damage is repaired please send me receipts so I can get them to Underwriting, and get everything taken care of for you, concerning the letter they sent you.  Please let me know if I can help with anything else.

Have a wonderful day.

*Thank you,*
*Pam Zeller*

*Claims Liaison  LSA5*

**Shalyn Clark Agency, State Farm Insurance**

*2000 Precinct Line Rd  Suite 100*

*Hurst, TX 76054*

*Office: 817-788-1999*

*Fax: 817-788-1777*

pam@shalynclark.com



## Follow us on Facebook!



**State Farm**
**P.O. Box 2323**
**Bloomington, IL 61702-2323**
**Fax: 1-877-732-6556**

# Structural Damage Claim Policy

When you have a covered structural damage claim to your real property, you should know:

- We want you to receive quality repair work to restore the damages to your property.

- We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

- Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

- There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

- If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning repairs.

- State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

- State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

*If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.*

Date:   3/17/2014 7:25 PM                                132214.1  06-18-2009      Page: 1



43-420R-671

| | | |
|---|---|---|
| Insured: | HERSHON, MILTON | |
| Property: | 417 Charleston CT | |
| | Hurst, TX 76054-3517 | |
| Home: | 817-282-4050 | |
| Business: | 817-282-4050 | |
| Type of Loss: | Hail | |
| Deductible: | $3,110.00 | |
| Date of Loss: | 10/26/2013 | |
| Date Inspected: | 3/14/2014 | |

Estimate: 43-420R-671
Claim Number: 43420R671
Policy Number: 58B2F3337
Price List: TXDF28_MAR14
Restoration/Service/Remodel

## Summary for Coverage A - Dwelling - 35 Windstorm and Hail - HL

| | |
|---|---|
| Line Item Total | 4,535.43 |
| Material Sales Tax | 96.85 |
| Replacement Cost Value | 4,632.28 |
| Less Depreciation (Including Taxes) | (907.61) |
| Less Deductible | (3,110.00) |
| Net Actual Cash Value Payment | $614.67 |

## Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) | 907.61 | |
| Replacement Cost Benefits | 907.61 | |
| Total Maximum Additional Amount Available If Incurred | | 907.61 |
| Total Amount of Claim If Incurred | | $1,522.28 |

Felix Gallegos
866-787-8676 x 11604

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

Date:   3/17/2014 7:25 PM

Page: 2

**Homeowner Policy**

## Coverage A – Dwelling – 35 Windstorm and Hail – HL

To:  Name:        HERSHON, MILTON
     Address:     417 Charleston CT
     City:        Hurst
     State/Zip:   TX, 76054-3517

Insured:        HERSHON, MILTON          Claim Number:   43420R671
Date of Loss:   10/26/2013               Cause of Loss:  HAIL

Your insurance policy provides replacement cost coverage for some or all of the loss or damage to your dwelling or structures. Replacement cost coverage pays the actual and necessary cost of repair or replacement, without a deduction for depreciation, subject to your policy's limit of liability. To receive replacement cost benefits you must:

1. Complete the actual repair or replacement of the damaged part of the property within two years of the date of loss; and

2. Notify us within 30 days after the work has been completed.

3. Confirm completion of repair or replacement, by submitting invoices, receipts or other documentation to your agent or claim office.

Until these requirements have been satisfied, our payment(s) to you will be for the actual cash value of the damaged part of the property, which may include a deduction for depreciation.

Without waiving the above requirements, we will consider paying replacement cost benefits prior to actual repair or replacement if we determine repair or replacement costs will be incurred because repairs are substantially under way or you present a signed contract acceptable to us.

The estimate to repair or replace your damaged property is **$4,632.28**. The enclosed claim payment to you of **$614.67** is for the actual cash value of the damaged property at the time of loss, less any deductible that may apply. We determined the actual cash value by deducting depreciation from the estimated repair or replacement cost. Our estimate details the depreciation applied to your loss. Based on our estimate, the additional amount available to you for replacement cost benefits (recoverable depreciation) is **$907.61**.

If you cannot have the repairs completed for the repair/replacement cost estimated, please contact your claim representative prior to beginning repairs.

All policy provisions apply to your claim.

Date:   3/17/2014 7:25 PM                          120563.6  01-25-2010        Page: 3

43-420R-671

417 charleston ct, 76054

Source - Eagle View



**shed 3 tab**

251.68 Surface Area
63.62 Total Perimeter Length

2.52 Number of Squares
17.05 Total Ridge Length

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 1. Remove Tear off, haul and dispose of comp. shingles - 3 tab | 2.52 SQ | 37.20 | 0.00 | 93.74 | | 93.74 |
| 2. 3 tab - 20 yr. - composition shingle roofing - incl. felt | 3.00 SQ | 144.49 | 17.73 | 451.20 | (225.61) | 225.59 |
| 3. Drip edge | 30.00 LF | 1.46 | 1.49 | 45.29 | (12.94) | 32.35 |
| Totals: shed 3 tab | | | 19.22 | 590.23 | 238.55 | 351.68 |



**carport**

601.45 Surface Area
79.94 Total Perimeter Length

6.01 Number of Squares

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 4. R&R Metal roofing | 601.45 SF | 5.36 | 56.57 | 3,280.34 | (437.37) | 2,842.97 |
| 5. R&R Fascia - metal - 8" | 30.00 LF | 4.05 | 3.61 | 125.11 | (25.02) | 100.09 |
| Totals: carport | | | 60.18 | 3,405.45 | 462.39 | 2,943.06 |

Area Totals: Source - Eagle View

3,324.68 Exterior Wall Area
5,174.36 Surface Area       51.74 Number of Squares      1,180.40 Total Perimeter Length
179.19 Total Ridge Length   103.99 Total Hip Length

| Total: Source - Eagle View | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|
| | 79.40 | 3,995.68 | 700.94 | 3,294.74 |

Date:   3/17/2014 7:25 PM

Page: 4

Area Totals: 417 charleston ct, 76054

| | | |
|---|---|---|
| 3,324.68 Exterior Wall Area | | |
| 5,174.36 Surface Area | 51.74 Number of Squares | 1,180.40 Total Perimeter Length |
| 179.19 Total Ridge Length | 103.99 Total Hip Length | |

| Total: 417 charleston ct, 76054 | | | | |
|---|---|---|---|---|
| | 79.40 | 3,995.68 | 700.94 | 3,294.74 |

## Exterior

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| Gutters............... | | | | | | |
| 6. R&R Gutter / downspout - aluminum - up to 5" | 109.00 LF | 4.58 | 17.45 | 516.67 | (206.67) | 310.00 |
| **Totals: Exterior** | | | 17.45 | 516.67 | 206.67 | 310.00 |

## Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 7. Siding labor minimum | 1.00 EA | 119.93 | 0.00 | 119.93 | | 119.93 |
| **Totals: Labor Minimums Applied** | | | 0.00 | 119.93 | 0.00 | 119.93 |
| **Line Item Totals: 43-420R-671** | | | 96.85 | 4,632.28 | 907.61 | 3,724.67 |

## Grand Total Areas:

| | | |
|---|---|---|
| 3,324.68 Exterior Wall Area | | |
| 5,174.36 Surface Area | 51.74 Number of Squares | 1,180.40 Total Perimeter Length |
| 179.19 Total Ridge Length | 103.99 Total Hip Length | |

Date:   3/17/2014 7:25 PM

carport

roof stone coated steel

shed 3 tab

Source - Eagle View

Date: 3/17/2014 7:25 PM

**Ray Biggs**

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

Client:       Milton Hershon
Property:     417 Charleston Ct
              Hurst, TX 76054-3517

Type of Estimate:   Wind and Hail
Date Entered:       12/17/2014                Date Assigned:

Price List:         TXDF8X_DEC14
Labor Efficiency:   Restoration/Service/Remodel
Estimate:           43-420R-671

Damage noted. Hail has hit on and damaged multiple seams of shingles, which in turn have allowed water to break through.
Water is rotting shake underneath and also running down to fascia causing damage to said fascia.



## Ray Biggs

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

**43-420R-671**

|  | Roof |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
| **DESCRIPTION** | **QUANTITY** | **UNIT PRICE** | **TAX** | **O&P** | **RCV** | **DEPREC.** | **ACV** |
| Roofing Items |  |  |  |  |  |  |  |
| 1. Remove Steel tile/shake - granular coated | 53.20 SQ | 63.37 | 0.00 | 707.97 | 4,079.25 | (0.00) | 4,079.25 |

Includes: Dump fees, hauling, disposal, and labor to remove steel tile roofing and felt.
Note: Removal cost is based on hauling done with contractor's own equipment. If haul off is to be estimated separately or if the removal is being estimated with a dumpster (DMO DUMP®) or other equipment, use item RFG STIRMVN.
No life expectancy data

This line item does not account for removal of any other components other than listed above. To assume so would be a false assumption.

This line item does not allow for job site cleanup and as such should be addressed elsewhere in the estimate.

| 2. Remove Additional charge for steep roof - 10/12 - 12/12 slope | 41.80 SQ | 15.70 | 0.00 | 137.82 | 794.08 | (0.00) | 794.08 |
| 3. Remove Additional charge for steep roof greater than 12/12 slope | 5.20 SQ | 19.49 | 0.00 | 21.29 | 122.64 | (0.00) | 122.64 |
| 4. Remove Tear off, haul and dispose of wood shakes/shingles | 53.20 SQ | 46.21 | 0.00 | 516.26 | 2,974.63 | (0.00) | 2,974.63 |
| 5. Remove Additional charge for steep roof - 10/12 - 12/12 slope | 41.80 SQ | 15.70 | 0.00 | 137.82 | 794.08 | (0.00) | 794.08 |
| 6. Remove Additional charge for steep roof greater than 12/12 slope | 5.20 SQ | 19.49 | 0.00 | 21.29 | 122.64 | (0.00) | 122.64 |
| 7. Sheathing - plywood - 5/8" CDX | 5,586.00 SF | 1.80 | 396.33 | 2,194.74 | 12,645.87 | (0.00) | 12,645.87 |

R803.1Lumber sheathing. Allowable spans for lumber used as roof sheathing shall conform to Table R803.1.
Table allows for nothing less than 5/8" thick solid structural panels.

5% Waste included.

| 8. Add charge for sheathing steep roof - 10/12 - 12/12 slope | 4,180.00 SF | 0.23 | 20.69 | 206.24 | 1,188.33 | (0.00) | 1,188.33 |
| 9. Add charge for sheathing steep roof - over 12/12 slope | 520.00 SF | 0.26 | 2.57 | 28.93 | 166.70 | (0.00) | 166.70 |
| 10. Steel tile/shake - granular coated | 58.52 SQ | 511.51 | 1,074.55 | 6,511.71 | 37,519.83 | (0.00) | 37,519.83 |
| 11. Additional charge for steep roof - 10/12 - 12/12 slope | 45.98 SQ | 42.74 | 0.00 | 412.69 | 2,377.88 | (0.00) | 2,377.88 |
| 12. Additional charge for steep roof greater than 12/12 slope | 5.72 SQ | 54.04 | 0.00 | 64.91 | 374.02 | (0.00) | 374.02 |
| 13. Remove Drip edge | 538.00 LF | 0.24 | 0.00 | 27.11 | 156.23 | (0.00) | 156.23 |

Includes: Labor cost to remove drip edge and to discard in a job-site waste receptacle.

This line item is clearly not included in the removal charges of the shingles, it also requires a job-site waste receptacle for disposal.

| 14. Drip edge | 570.00 LF | 1.61 | 28.22 | 198.64 | 1,144.56 | (0.00) | 1,144.56 |

5% Waste included. Material can only be purchased in 10' lengths.

| 15. Seal & paint trim - two coats | 538.00 LF | 0.97 | 4.44 | 110.53 | 636.83 | (0.00) | 636.83 |
| 16. R&R Soffit & fascia - wood - 1' overhang | 78.00 LF | 8.56 | 21.04 | 144.62 | 833.34 | (0.00) | 833.34 |
| 17. Prime & paint exterior soffit - wood | 538.00 SF | 1.54 | 15.09 | 177.16 | 1,020.77 | (0.00) | 1,020.77 |
| 18. Prime & paint exterior fascia - wood, 6"- 8" wide | 538.00 LF | 1.42 | 7.99 | 162.12 | 934.07 | (0.00) | 934.07 |

**Ray Biggs**

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

### CONTINUED - Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 19.  Steel tile/shake - ridge or hip - granular coated | 251.00 LF | 8.20 | 98.15 | 452.84 | 2,609.19 | (0.00) | 2,609.19 |
| 20.  R&R Steel tile - rake/gable/eave flashing - granular coated | 538.00 LF | 5.08 | 106.97 | 596.41 | 3,436.42 | (0.00) | 3,436.42 |
| 21.  (Install) Remove Step flashing* | 116.00 LF | 5.18 | 0.00 | 126.19 | 727.07 | (0.00) | 727.07 |

This line item is clearly not included in the removal charges of the shingles, it also requires a job-site waste receptacle for disposal.

R907.5 Reinstallation of materials.
Existing vent flashing, metal edgings, drain outlets, collars and metal counterflashings shall not be reinstalled where rusted, damaged or deteriorated.

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 22.  Step flashing | 116.00 LF | 6.98 | 15.98 | 173.40 | 999.06 | (0.00) | 999.06 |
| 23.  R&R Flashing, 14" wide | 33.00 LF | 3.26 | 3.21 | 23.26 | 134.05 | (0.00) | 134.05 |

Includes: Flashing and installation labor.  Labor cost to remove metal flashing and to discard in a job-site waste receptacle.
Quality: 14" wide, 28 gauge galvanized steel.
Green: Flashings, as well as all metals, are considered green by LEED due to their being manufactured from at least 25% recycled material.
Average life expectancy 35 years
Average depreciation 2.86% per year
Maximum depreciation 100%

This line item is clearly not included in the removal charges of the shingles, it also requires a job-site waste receptacle for disposal.

R907.5 Reinstallation of materials.
Existing vent flashing, metal edgings, drain outlets, collars and metal counterflashings shall not be reinstalled where rusted, damaged or deteriorated.

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 24.  R&R Flashing - pipe jack | 2.00 EA | 32.15 | 1.18 | 13.76 | 79.24 | (0.00) | 79.24 |

Includes: Galvanized metal or plastic roof jack and installation labor.  Labor cost to remove pipe jack and to discard in a job-site waste receptacle.

This line item is clearly not included in the removal charges of the shingles, it also requires a job-site waste receptacle for disposal.

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 25.  R&R Exhaust cap - through roof - 6" to 8" | 1.00 EA | 69.24 | 2.39 | 15.04 | 86.67 | (0.00) | 86.67 |

| | | | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| **Totals:  Roof** | | | 1,798.80 | 13,182.75 | 75,957.45 | 0.00 | 75,957.45 |

### Exterior

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 26.  Window Installer - per hour | 4.00 HR | 53.48 | 0.00 | 44.92 | 258.84 | (0.00) | 258.84 |
| Labor for window screens. Includes two trips, one to measure one to install. | | | | | | | |
| 27.  R&R Window screen, 10 - 16 SF | 3.00 EA | 35.71 | 6.88 | 23.94 | 137.95 | (0.00) | 137.95 |
| 28.  R&R Gutter / downspout - aluminum - up to 5" | 195.00 LF | 5.15 | 31.21 | 217.45 | 1,252.91 | (0.00) | 1,252.91 |
| 29.  R&R Metal roofing | 612.00 SF | 5.65 | 58.57 | 738.44 | 4,254.81 | (0.00) | 4,254.81 |
| 30.  R&R Fascia - metal - 8" | 30.00 LF | 4.36 | 3.61 | 28.23 | 162.64 | (0.00) | 162.64 |

**Ray Biggs**

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

## CONTINUED - Exterior

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 31. (Material Only) Tarp - all-purpose poly - per sq ft (labor and material) | 1,750.00 SF | 0.17 | 23.10 | 67.33 | 387.93 | (0.00) | 387.93 |
| Cover and protect pool. | | | | | | | |
| **Totals: Exterior** | | | **123.37** | **1,120.31** | **6,455.08** | **0.00** | **6,455.08** |

### Shed

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 32. Remove Tear off, haul and dispose of comp. shingles - 3 tab | 2.52 SQ | 40.19 | 0.00 | 21.27 | 122.55 | (0.00) | 122.55 |

Includes: Dump fees, hauling, disposal, and labor to remove composition shingles.
Note: If additional layers are to be removed and disposed of, use additional item RFG ADDRMV. Removal cost is based on hauling done with contractor's own equipment. If haul off is to be estimated separately or if the removal is being estimated with a dumpster (DMO DUMP*) or other equipment, use item RFG ARMVN.
No life expectancy data

This line item does not account for removal of any other components other than listed above. To assume so would be a false assumption.

This line item does not allow for job site cleanup and as such should be addressed elsewhere in the estimate.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 33. Remove Starter & Ridge* | 0.47 SQ | 40.19 | 0.00 | 3.97 | 22.86 | (0.00) | 22.86 |
| 34. (Install) Remove Roofing felt - 15 lb.* | 2.52 SQ | 15.45 | 0.00 | 8.17 | 47.10 | (0.00) | 47.10 |

The felt must be removed to properly inspect the roof deck.

RFG 220S remove - Includes: Dump fees, hauling, and labor to remove composition shingles.

If one is to assume the pricing listed in Xactimate is correct for the market and the pricing listed for RFG220S is correct it could also be assumed that the definition listed for the line item is true. The definition listed above is clear as it states "labor to remove composition shingles". By definition an additional line item is required to remove the felt underlayment.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 35. 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 3.00 SQ | 149.22 | 17.18 | 97.62 | 562.46 | (0.00) | 562.46 |

Additional line items for starter shingle and ridge shingle are added to more accurately account for the exact amount of material required to complete the job.

Major manufacturer's no longer off a 20 year 3 tab shingle.

For example GAF's Royal Sovereign 3 tab is a 25 year shingle; http://www.gaf.com/Roofing/Residential/Products/Shingles/3_Tab

Owens Corning Supreme 3 tab is a 25 year shingle;
http://www.owenscorning.com/roofing/browse-shingles/supreme-ar/

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 36. Remove Drip edge | 64.00 LF | 0.24 | 0.00 | 3.23 | 18.59 | (0.00) | 18.59 |

Includes: Labor cost to remove drip edge and to discard in a job-site waste receptacle.

This line item is clearly not included in the removal charges of the shingles, it also requires a job-site waste receptacle for disposal.

**Ray Biggs**

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

**CONTINUED - Shed**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 37.  Drip edge | 70.00 LF | 1.61 | 3.47 | 24.40 | 140.57 | (0.00) | 140.57 |
| 5% Waste included. Material can only be purchased in 10' lengths. | | | | | | | |
| 38.  Ridge cap - composition shingles | 17.85 LF | 3.71 | 1.37 | 14.19 | 81.78 | (0.00) | 81.78 |
| 5% Waste included. | | | | | | | |
| 39.  Caulking - silicone | 6.30 LF | 3.12 | 0.08 | 4.15 | 23.89 | (0.00) | 23.89 |
| Used to hand seal in areas that require it (around vents, .penetration points, flashings, etc.) | | | | | | | |
| 40.  Asphalt starter - peel and stick | 67.20 LF | 1.60 | 3.38 | 23.29 | 134.19 | (0.00) | 134.19 |
| Starter is required per IRC R905.2.1 and per manufacturer specs R904 (and to allow for any manufacturer warranty). Manufacturer specs require starter for the minimum wind rating and basic manufacturer warranty. 5% Waste included. | | | | | | | |
| 41.  Roof Sheathing inspection and re-nail where needed* | 252.00 SF | 0.16 | 0.21 | 8.51 | 49.04 | (0.00) | 49.04 |
| Roof sheathing must be properly secured to framing members and such installation must be in compliance with Table R602.3.1 | | | | | | | |
| **Totals:  Shed** | | | **25.69** | **208.80** | **1,203.03** | **0.00** | **1,203.03** |
| **Line Item Totals:  43-420R-671** | | | **1,947.86** | **14,511.86** | **83,615.56** | **0.00** | **83,615.56** |

**Ray Biggs**

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

## Summary

| | |
|---|---:|
| Line Item Total | 67,155.84 |
| Material Sales Tax | 1,947.86 |
| Subtotal | 69,103.70 |
| Overhead | 6,910.43 |
| Profit | 7,601.43 |
| **Replacement Cost Value** | **$83,615.56** |
| **Net Claim** | **$83,615.56** |

**State Farm Fire and Casualty Company**
*Home Office, Bloomington, IL*

 **State Farm**®

November 04, 2014

Milton Hershon
417 Charleston CT
Hurst TX  76054-3517

State Farm Claims
P.O. Box 2323
Bloomington IL 61702-2323

RE:   Claim Number:      43-420R-671
      Policy Number:      58B2F3337
      Date of Loss:       October 26, 2013

Dear Mr. Hershon:

We are in receipt of a document entitled Notice to Insurance Company advising us you have
retained National Claims Negotiators LLC as a public adjuster to assist you regarding the above
referenced claim. This document was received by us on October 31, 2014.

While we will work with National Claims Negotiators LLC, we are willing to discuss your claim
directly with you at any time you so desire.

We will include National Claims Negotiators LLC on any payment issued. This is in accordance
with the document entitled Notice to Insurance Company and signed by you.

As a State Farm® policyholder, you can enjoy the benefits of online registration.  Benefits
include checking the status of your claim online; managing your insurance information and
accounts; and staying connected to State Farm.  Just go to statefarm.com® to get registered.
All you need to complete the process is your State Farm policy or account number, your email
address, and about five minutes.  If you are already registered, thank you!

If you have questions or need assistance, please call us at (866) 787-8676 Ext. 17072.

Sincerely,

Bill Wood
Claim Specialist
(866) 787-8676 Ext. 17072

State Farm Lloyds



EXHIBIT
C

P. 1

✕  ✕  ✕  Communication Result Report ( Feb. 24. 2015  1:49PM ) ✕  ✕  ✕

2)

Date/Time: Feb. 24. 2015  1:31PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 2598 | Memory TX | G3-AT :18882083019 | P.  5 | OK | |

--------------------------------------------------------------------------

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 3) No answer                     E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size     E. 6) Destination does not support IP-Fax

---

**SPEIGHTS & WORRICH**
**TRIAL LAWYERS**

Fetish Office
1300 Ninth Avenue N.E., Suite 100
San Antonio, TX 78232
(210) 493-0783   (210) 495-8780 (fax)
1-888-76-STORM
www.speightsfirm.com

1019 Central Offices
A. 78192
(504) 304-8780   (504) 304-8806 (fax)
1-888-66-STORM
www.speightsfirm.com

**FACSIMILE TRANSMITTAL SHEET**

| TO: | FROM: |
|-----|-------|
| **VIA FACSIMILE (888) 208-3019** | JESSICA BENEDICUTTI |
| State Farm Lloyds and | |
| Feliciano Gallegos c/o State Farm Lloyds | |
| Attn: Claims Department | |
| 17301 Preston Road | |
| Dallas, TX 75252-5727 | |

| COMPANY: | DATE: |
|----------|-------|
| | **FEBRUARY 24, 2015** |

| FAX NUMBER: | NO. OF PAGES (INCLUDING COVER): |
|-------------|--------------------------------|
| | 4 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---------------|----------------------------|
| | |

| RE: | YOUR REFERENCE NUMBER: |
|-----|------------------------|
| | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

Notes/Comments -

Re:  Your Insured   :   Milton Henshor.
     Policy No.     :   58B2F3317
     Claim No.      :   43-420R-671
     Date of Loss   :   October 26, 2013

---

Houston/Columbus Office       Rio Grande Valley Office       Dallas/Fort Worth Office       Baton Rouge Office
(By Appointment Only)         (By Appointment Only)          (By Appointment Only)          (By Appointment Only)
3200 South Shore Blvd., Suite 300   651 E. Fern Ave., Suite 100   326 Decker Drive, Suite 100   9036 Jefferson Hwy., Ste. A
League City, TX 77573         McAllen, TX 78501              Irving, TX 75062              Baton Rouge, LA 70809-5457
(713) 316-5588 (281) 316-6128 (fax)   (956) 467-5236 (956) 779-8460 (fax)   (972) 730-6011 (214) 614-4369 (fax)   (225) 381-5967 (225) 410-4511 (fax)


EXHIBIT
H

SPEIGHTS & WORRICH

TRIAL LAWYERS

Principal Texas Office
1350 North Loop 1604 E., Suite 104
San Antonio, TX 78232
(210) 495-6789 | (210) 495-6790 (fax)
1-888-75-STORM | www.speightsfirm.com

Principal Louisiana Office
1010 Common Street, Suite 2900
New Orleans, LA 70112
(504) 304-6789 | (504) 304-6805 (fax)
1-888-98-STORM | www.speightsfirm.com

## FACSIMILE TRANSMITTAL SHEET

TO:                                          FROM:
**VIA FACSIMILE (888) 208-3019**            JESSICA MENDICUTTI
State Farm Lloyds and
Feliciano Gallegos c/o State Farm Lloyds
Attn: Claims Department
17301 Preston Road
Dallas, TX 75252-5727

COMPANY:                                     DATE:
                                             **FEBRUARY 24, 2015**

FAX NUMBER:                                  NO. OF PAGES (INCLUDING COVER):
                                             **4**

PHONE NUMBER:                                SENDER'S REFERENCE NUMBER:

RE:                                          YOUR REFERENCE NUMBER:

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

Notes/Comments -

Re:        Your insured  :   Milton Hershon
           Policy No.    :   58B2F3337
           Claim No.     :   43-420R-671
           Date of Loss  :   October 26, 2013

Houston/Galveston Office
(By Appointment Only)
2600 South Shore Blvd., Suite 300
League City, TX 77573
(281) 245-3368 | (281) 946-8125 (fax)

Rio Grande Valley Office
(By Appointment Only)
801 E. Fern Ave., Suite 150
McAllen TX 76501
(956) 467-1226 | (956) 720-0893 (fax)

Dallas/Fort Worth Office
(By Appointment Only)
320 Decker Drive, Suite 100
Irving, TX 75062
(972) 739-6061 | (214) 614-4280 (fax)

Baton Rouge Office
(By Appointment Only)
9018 Jefferson Hwy. Ste. A
Baton Rouge, LA 70809-2437
(225) 295-5607 | (225) 410-6611 (fax)

# SPEIGHTS & WORRICH
## TRIAL LAWYERS

| **Principal Texas Office** | **Principal Louisiana Office** |
|---|---|
| 1350 North Loop 1604 East, Suite 104 | 1010 Common Street, Suite 2900 |
| San Antonio, TX 78232 | New Orleans, LA 70112 |
| (210) 495-6789 \| (210) 495-6790 (fax) | (504) 304-6789 \| (504) 304-6805 (fax) |
| 1-888-75-STORM \| www.speightsfirm.com | 1-888-98-STORM \| www.speightsfirm.com |

February 24, 2015

## CONFIDENTIAL AND NOT ADMISSIBLE PURSUANT TO TEX. R. EVID. 408

**VIA FACSIMILE (888) 208-3019**
State Farm Lloyds and
Feliciano Gallegos c/o State Farm Lloyds
Attn: Claims Department
17301 Preston Road
Dallas, TX 75252-5727

Re:     Your insured    :     Milton Hershon
         Policy No.      :     58B2F3337
         Claim No.       :     43-420R-671
         Date of Loss    :     October 26, 2013

To whom it may concern:

This law firm represents Milton Hershon (the "insured") in regard to the above-referenced matter. Milton Hershon timely reported a claim for damage to his property located at **417 Charleston Ct., Hurst, Texas 76054-3517** (the "Property") to State Farm Lloyds ("State Farm") arising out of his damage from a wind and hailstorm. State Farm and/or its representative, Feliciano Gallegos ("Gallegos"), came out and inspected the Property. State Farm and Gallegos (hereinafter collectively referred to as the "State Farm Parties"), however, have failed to pay or adequately pay for building repairs to the Property. The State Farm Parties have failed to adequately adjust the loss to the Property, failed to keep the insured informed as to the status of the investigation, and numerous other unfair and deceptive acts. Due to the egregious acts of the State Farm Parties, this is a case which rises to the level above a mere breach of the insurance policy, and one for which additional damages are warranted under the Insurance Code, DTPA and common law.

The State Farm Parties' acts and omissions to act have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of Texas Business & Commerce Code §17.41 *et seq.* (commonly referred to as Texas Deceptive Trade Practices Act or "DTPA"), without limitation. Specifically:

(a)      The State Farm Parties committed the following acts and omissions: (1) unreasonable delays in the investigation, adjustment and resolution of the claim, (2) failure to give the insured the benefit of the doubt, and (3) failure to pay for the proper repair of the home and its contents on which liability had become reasonably clear. These acts and omissions give the insured the right to recover under Section 17.46 (b)(2) of the DTPA;

| **Houston/Galveston Office** | **Rio Grande Valley Office** | **Dallas/Fort Worth Office** | **Baton Rouge Office** |
|---|---|---|---|
| (By Appointment Only) | (By Appointment Only) | (By Appointment Only) | (By Appointment Only) |
| 2600 South Shore Blvd., Suite 300 | 801 E. Fern Ave., Suite 150 | 320 Decker Drive, Suite 100 | 9018 Jefferson Hwy. Ste. A |
| League City, TX 77573 | McAllen TX 78501 | Irving, TX 75062 | Baton Rouge, LA 70809-2437 |
| (281) 245-3368 \| (281) 946-8125 (fax) | (956) 467-1226 \| (956) 720-0893 (fax) | (972) 739-6061 \| (214) 614-4280 (fax) | (225) 295-5607 \| (225) 410-6611 (fax) |

**SPEIGHTS & WORRICH**

TRIAL LAWYERS

| **Principal Texas Office** | **Principal Louisiana Office** |
| --- | --- |
| 1350 North Loop 1604 East, Suite 104 | 1010 Common Street, Suite 2900 |
| San Antonio, TX 78232 | New Orleans, LA 70112 |
| (210) 495-6789 | (210) 495-6790 (fax) | (504) 304-6789 | (504) 304-6805 (fax) |
| 1-888-75-STORM | www.speightsfirm.com | 1-888-98-STORM | www.speightsfirm.com |

Page 2 of 4

(b)     The State Farm Parties represented to the insured that the insurance policy and adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives the insured the right to recover under Section 17.46 (b)(5) of the DTPA;

(c)     The State Farm Parties represented to the insured that the insurance policy and adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

(d)     The State Farm Parties advertised the insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

(e)     The State Farm Parties represented to the insured that the insurance policy and adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives the insured the right to recover under Section 17.46 (b)(12) of the DTPA;

(f)     The State Farm Parties failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce the insured into a transaction into which the insured would not have entered had the information been disclosed, which gives the insured the right to recover under Section 17.46 (b)(24) of the DTPA;

(g)     The State Farm Parties have breached an express warranty that the damage would be covered under the insurance policy. This breach entitles the insured to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

(h)     The State Farm Parties' actions are unconscionable in that they took advantage of the insured's lack of knowledge, ability, and experience to a grossly unfair degree. This unconscionable conduct gives the insured the right to relief under Section 17.50(a)(3) of the DTPA;

(i)     The State Farm Parties' conduct, acts, omissions, and failures as described above, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA;

In addition, the State Farm Parties engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, including the following, without limitation:

(a)     The State Farm Parties misrepresented a material fact or policy provision relating to coverage at issue;

(b)     The State Farm Parties failed to attempt in good faith to effectuate a prompt, fair,

# SPEIGHTS & WORRICH
## TRIAL LAWYERS

| **Principal Texas Office** | **Principal Louisiana Office** |
|---|---|
| 1350 North Loop 1604 East, Suite 104 | 1010 Common Street, Suite 2900 |
| San Antonio, TX 78232 | New Orleans, LA 70112 |
| (210) 495-6789 \| (210) 495-6790 (fax) | (504) 304-6789 \| (504) 304-6805 (fax) |
| 1-888-75-STORM \| www.speightsfirm.com | 1-888-98-STORM \| www.speightsfirm.com |

Page 3 of 4

and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

     (c)    The State Farm Parties refused to pay a claim without conducting a reasonable investigation with respect to the claim.

Furthermore, the State Farm Parties misrepresented an insurance policy as prohibited by Section 541.061 of the Texas Insurance Code, including the following, without limitation:

     (a)    The State Farm Parties made an untrue statement of material fact;

     (b)    The State Farm Parties failed to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

     (c)    The State Farm Parties made a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact;

     (d)    The State Farm Parties made a material misstatement of law.

Notice is hereby given under Section 17.505 of the DTPA and under Subchapter D, Chapter 541, Texas Insurance Code, that the insured has suffered an extreme loss to the Property and sustained economic damages as follows:

| | | |
|---|---|---|
| Dwelling Damage: | $ | 82,412.53 |
| Other Structures Damage: | $ | 1,203.03 |
| **Total Economic Damages:** | **$** | **83,615.56** |

Due to the clear misrepresentations of coverage, knowing violations of the DTPA and the Texas Insurance Code, and unconscionable conduct by the State Farm Parties, my client is entitled to the following:

| | | |
|---|---|---|
| Economic Damages trebled under §541 of Texas Insurance Code and the DTPA | $ | 250,846.68 |
| 18% penalty for 15 months (Ins. Code §542) | $ | 18,813.50 |
| 6% prejudgment interest for 15 months | $ | 6,271.17 |
| **Total Damages:** | **$** | **275,931.35** |

# SPEIGHTS & WORRICH
## TRIAL LAWYERS

| **Principal Texas Office** | **Principal Louisiana Office** |
| --- | --- |
| 1350 North Loop 1604 East, Suite 104 | 1010 Common Street, Suite 2900 |
| San Antonio, TX 78232 | New Orleans, LA 70112 |
| (210) 495-6789 \| (210) 495-6790 (fax) | (504) 304-6789 \| (504) 304-6805 (fax) |
| 1-888-75-STORM \| www.speightsfirm.com | 1-888-98-STORM \| www.speightsfirm.com |

Page 4 of 4

In addition to the above, my client has incurred reasonable and necessary attorneys' fees and costs in the amount of $28,000 in the preparation and assertion of this claim, for a total claim of **$303,931.35**. We therefore demand, pursuant to the DTPA and Chapter 541 of the Texas Insurance Code, payment in that amount payable jointly to your insured and this law firm. If payment as requested hereinabove is not forthcoming within the time provided by law, we will file suit in a court of competent jurisdiction. As you are undoubtedly aware, under the DTPA an award of court costs and reasonable and necessary attorneys' fees is mandatory to a consumer who prevails in such a lawsuit. Please be further advised that damages for mental anguish and up to three times the amount of economic damages may be awarded at trial in the event that the trier of fact finds that actionable conduct was committed "knowingly." If the conduct is found to have been committed "intentionally," my client could recover up to three times the amount of damages for both mental anguish and economic damages.

In the event suit is filed, your insured has instructed us to seek damages to the fullest extent allowed by law and we will be seeking treble damages due to the clear misrepresentations of coverage and unconscionable conduct by the State Farm Parties. Please give this matter your immediate attention and feel free to contact me if you have any questions.

Sincerely,

CODY ROBINSON

CLR/jdm

 StateFarm

Dallas Operations Center
17301 Preston Road
P.O. Box 799100
Dallas, TX 75379-9100

March 16, 2015

HERSHON, MILTON
417 CHARLESTON CT
HURST TX   76054-3517

RE:   Policy Number:   58-B2-F333-7     H   9
      Policy Type:     Homeowners Policy
      Location:        417 Charleston Ct
                       Hurst TX 76054-3517

      EXPIRATION DATE: April 20, 2015     12:01 A.M.

Dear Mr. Hershon:

Thank you for allowing us to provide your Homeowners insurance under this
policy.  We are sorry that we cannot continue this insurance coverage.
Therefore, your policy will not be renewed, in accordance with the terms
and conditions of your policy and the laws of Texas, as of April 20, 2015.

The reason for not renewing your policy is due to the physical condition
of the risk as revealed in an inspection.  A letter was sent on May 23,
2014 indicating the items needing attention.  If all of these items have
been corrected, or you have any questions regarding this letter, please
contact your agent, Shalyn Clark at (817) 788-1999.

We are notifying any mortgagee(s) and/or additional interest(s) listed on
your policy of our action.  Their letter is only a notice of non-renewal,
it will not disclose the above reason for our decision.

For your protection, you are urged to obtain other insurance to prevent
any lapse in coverage.

Sincerely,

Fire Operations
State Farm Lloyds

CC: Shalyn Clark, 7872-FB36


EXHIBIT
I